

# IN THE
# TENTH COURT OF APPEALS

_____

### No. 10-23-00013-CR
### No. 10-23-00014-CR

**CHASE ANDREW CLOWER,**

                                                                **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                                **Appellee**

_____

### From the County Court at Law
### Navarro County, Texas
### Trial Court Nos. C41046-CR and C41048-CR

_____

## MEMORANDUM OPINION

_____

A jury found Chase Andrew Clower guilty of aggravated assault with a deadly weapon, evading arrest or detention with a vehicle causing serious bodily injury, and endangering a child. *See* TEX. PENAL CODE ANN. §§ 22.02(a)(2); 38.04(b)(3)(B); 22.041(f). The jury assessed Clower's punishment at twenty years, ten years, and ten years confinement respectively in the Texas Department of Criminal Justice Institutional Division. *See* TEX. PENAL CODE ANN. §§ 12.33; 12.34; 12.35. The judge sentenced Clower

accordingly and ordered the sentences to run concurrently. This appeal ensued. We affirm the trial court's judgments for each offense.

Clower's appointed counsel filed a motion to withdraw and an *Anders* brief in support of the motion in each case asserting that he has diligently reviewed the appellate record and that, in his opinion, the appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel's brief evidences a professional evaluation of the record for error and compliance with the other duties of appointed counsel. We conclude that counsel has performed the duties required of appointed counsel. *See id.* at 744, 87 S.Ct. at 1400; *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978); *see also Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403, 407–09 (Tex. Crim. App. 2008). Clower filed a pro se response, and the State filed a letter waiving its right to respond.

In reviewing an *Anders* appeal, we must, "after a full examination of all the proceedings, . . . decide whether the case is wholly frivolous." *Anders*, 386 U.S. at 744, 87 S.Ct. at 1400; *see Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 349–50, 102 L.Ed.2d 300 (1988); *accord Stafford v. State*, 813 S.W.2d 503, 509–11 (Tex. Crim. App. 1991). An appeal is "wholly frivolous" or "without merit" when it "lacks any basis in law or fact." *McCoy v. Court of Appeals*, 486 U.S. 429, 438 n.10, 108 S.Ct. 1895, 1902 n.10, 100 L.Ed.2d 440 (1988). After a review of the entire record in this appeal, we have determined the appeal to be wholly frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005). Accordingly, we affirm the trial court's judgments.

Counsel's motion to withdraw from representation of Clower in each case is granted.

MATT JOHNSON
Justice

Before Chief Justice Gray,
    Justice Johnson, and
    Justice Smith
Affirmed
Opinion delivered and filed August 1, 2024
Do not publish
[CR25]

